UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Natural Alternatives International, Inc., <br><br>Plaintiff,<br><br>v.<br><br>Creative Compounds, LLC et all,<br><br>Defendants. | Case No.:  16-cv-02146-JM-AGS<br><br>**NOTICE AND ORDER: (1) FOR EARLY NEUTRAL EVALUATION CONFERENCE; (2) SETTING RULE 26 COMPLIANCE AND CASE MANAGEMENT CONFERENCE** |
|---|---|

IT IS HEREBY ORDERED that an **Early Neutral Evaluation Conference** of your case will be held on **December 12, 2016**, at **2:00 p.m.** in the Chambers of Magistrate Judge Andrew G. Schopler, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5160, San Diego, California 92101.  In the event the case does not settle at the ENE, a **Case Management Conference** under Federal Rule of Civil Procedure 16(b) is set for **December 12, 2016**, and will be held at the ENE's conclusion.

The following are **mandatory** directions for the parties preparing for the ENE.  Absent express Court permission, and notwithstanding the pendency of any motion, counsel must timely comply with the dates and deadlines ordered herein.

1. **Purpose of the ENE**:  The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All ENE discussions will be

informal, off the record, privileged, and confidential. Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the ENE.

2. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full settlement authority as explained below, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the ENE. If each of the principal attorneys responsible for the litigation is not listed on the docket as an "*ATTORNEY TO BE NOTICED*," then they each shall enter their appearance on the docket as soon as practicable.

Unless there are extraordinary circumstances, persons required to attend the ENE pursuant to this Order shall not be excused from personal attendance. Failure to appear at the ENE will be grounds for sanctions.

3. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the ENE. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). A limited or a sum certain of authority is not adequate. *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-97 (8th Cir. 2001).

present who can settle the case during the course of the ENE without consulting a superior. Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE: (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

4. **ENE Statements Required**: No later than three court days before the ENE, the parties shall lodge statements of five pages or less directly to Judge Schopler's chambers outlining the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of the case. The settlement position must include a specific and current demand or offer addressing all relief or remedies sought. If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make an offer at the conference" is not a specific demand or offer. The statement shall also list all attorney and non-attorney conference attendees for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference.

ENE statements shall be lodged via email at efile_schopler@casd.uscourts.gov. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to chambers. Whether these statements are submitted confidentially or whether they are served on opposing counsel is within the parties' discretion. Statements of more than five pages may not be considered and may result in sanctions.

5. **Submission of Magistrate Judge Consent Form**: No later than **November 11, 2016**, each party must provide Plaintiff's counsel with an executed copy of the attached consent form, titled Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. If **all** parties consent to the reference to a Magistrate Judge, plaintiff should file the consent form(s) in paper format at the Clerk's Office by

**November 15, 2016**, in order to facilitate easy administration. *See* Local Civil Rule 73.1. If filed after that date, the ENE may be delayed. If the paper format filing reflects consent by all parties, then the form(s) will be forwarded to the assigned district judge for approval. The consent form(s) should not be filed with the court electronically through its Case Management/Electronic Case Filing (CM/ECF) system. No consent form will be made available, nor will its contents be made known to any judicial officer, unless all parties have consented to the reference to a magistrate judge. The parties are free to withhold consent without adverse substantive consequences. Questions related to the consent form(s) should be directed only to the clerk's office at (619) 557-5600. Please do not call chambers' staff with questions related to the consent form(s).

6.   **New Parties Must Be Notified by Plaintiff's Counsel**: Plaintiff's counsel will give notice of the ENE and this Order to parties responding to the complaint after the date of this notice.

7.   **Case Management Under the Amended Federal Rules**: The parties are ordered to comply with Federal Rule of Civil Procedure 26 and proceed with the initial disclosure process as follows:

   a.  **Rule 26(f) Conference**: The Rule 26(f) conference shall be completed on or before **November 21, 2016**.

   b.  **Initial Dislcosures**: Initial disclosures under Rule 26(a)(1)(A-D) shall occur on or before **November 30, 2016**.

   c.  **Joint Discovery Plan**: A Joint Discovery Plan must be <u>filed</u> on the CM/ECF system as well as <u>lodged</u> with Magistrate Judge Schopler by emailing the Plan to efile_schopler@casd.uscourts.gov, on or before **December 2, 2016**. If the Plan with its attachments exceeds 20 pages, a courtesy paper copy of the Plan must be delivered to Judge Schopler's Chambers. In addition to complying with Chambers Rules, the Plan must identify whether and what good cause (specific to this case) exists to modify the Court's **tentative** schedule of deadlines, which is as follows:

     i. Disclosure of Asserted Claims and Infringement Contentions: **December 27, 2016**;

    ii. Invalidity Contentions: **February 27, 2017**;

   iii. Preliminary Claim Construction Charts: **March 13, 2017**;

   iv. Responsive Claim Construction Charts: **March 27, 2017**;

    v. Joint Claim Construction Chart, Worksheet, & Statement: **April 10, 2017**;

   vi. Amended Infringement Contentions: **April 10, 2017**;

  vii. Claim Construction Discovery Cutoff: **May 8, 2017**;

 viii. Amended Invalidity Contentions: **May 8, 2017**;

   ix. Opening Claim Construction Briefs: **May 15, 2017**;

    x. Responsive Claim Construction Briefs: **May 30, 2017**;

   xi. Claim Construction Hearing: **June 12, 2017**, at **9:00 a.m.**;

  xii. Substantial Completion of Document Discovery, Including ESI: **August 11, 2017**;

 xiii. Fact Discovery Cutoff: **October 11, 2017**;

 xiv. Expert Designation: **December 13, 2017**;

  xv. Supplemental and Rebuttal Expert Designations: **January 3, 2018**;

 xvi. Expert Reports: **January 31, 2018**;

 xvii. Rebuttal Expert Reports: **February 22, 2018**;

xviii. Expert Discovery Cutoff: **March 22, 2018**;

 xix. Pretrial Motions: **April 5, 2018**;

  xx. Mandatory Settlement Conference: **July 14, 2017**, at **9:00 a.m.**;

 xxi. MSC Briefs: **July 7, 2017**;

 xxii. Pretrial Conference: **June 8, 2018**, at **8:30 a.m.**; and

xxiii. Trial: **July 16, 2018**, at **10:00 a.m.**.

8. **Requests to Continue or Reschedule an ENE**: Local Rule 16.1.c requires that an ENE take place within 45 days of the filing of the first answer. Requests to continue

5

16-cv-02146-JM-AGS

ENEs are granted rarely and only in extraordinary circumstances. Any request to continue the ENE will be filed as a joint motion or an ex parte motion, setting forth the extraordinary circumstances. In and of itself, having to travel a long distance to appear in person is not typically sufficient justification. Continuance requests will **not** be considered unless filed at least five days before the scheduled ENE.

9. **Pre-ENE Settlement**: The Court encourages the parties to work on settling the matter before the ENE. In the event that the parties resolve the matter prior to the day of the ENE, the following procedures must be followed before the Court will vacate the ENE and excuse the parties from appearing:

   a. The parties may file a Joint Motion to Dismiss and separately lodge by email a proposed order to the assigned District Judge.[2] If a Joint Motion to Dismiss is filed, the Court will vacate the ENE. The parties are encouraged to contact Judge Schopler's Chambers by telephone to notify the Court of their pending Joint Motion.

   b. If the parties settle more than 24 hours before the ENE but are not able to file a Joint Motion to Dismiss, they must file a Notice of Settlement containing the electronic signatures of counsel for all settling parties and identifying a date by which the Joint Motion to Dismiss will be filed. The parties are encouraged to contact Judge Schopler's Chambers by telephone to notify the Court of their filed Notice of Settlement.

   c. If the parties settle less than 24 hours before the conference, counsel for the settling parties must **jointly** call chambers and inform the Court of the settlement and receive Court permission not to appear at the ENE.

---

[2] *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California § 2(h), for the chambers' official email address and procedures on emailing proposed orders.

1    After reviewing Judge Schopler's Civil Chambers Rules and the assigned District
2 Judge's Chambers Rules, the parties may address appropriate questions regarding this case
3 or the mandatory directions set forth above through a joint call to Judge Schopler's
4 chambers at (619) 557-6480.

5 Dated:  October 28, 2016

Hon. Andrew G. Schopler<br>
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Natural Alternatives International, Inc.,<br>Plaintiff(s)<br><br>v.<br><br>Creative Compounds, LLC et all,<br>Defendant(s) | Case No.: 16-cv-02146-JM-AGS<br><br>**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE** |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties ☐ Consent  /  ☐ Do Not Consent*

to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed Names* | *Signatures of all parties **and** counsel for all parties* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## REFERENCE ORDER

**IT IS ORDERED:** This case is referred to United States Magistrate Judge Andrew G. Schopler, to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and CivLR 73.1.

| | |
|---|---|
| Date | United States District Judge |

\*   Pursuant to Civil Local Rule 73.1, **if (and only if) all parties have consented** to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) in paper format at the Clerk's Office.